**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § § | CASE NO. 18-40270-rfn11 |
| TENET CONCEPTS, LLC, | § § § § | |
| Debtor. | § § § § § § § | Chapter 11 Case |

### JEFFREY LINES' MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Jeffrey Lines ("Lines"), by and through his attorneys, hereby moves this Honorable Court to grant limited relief from Debtor Tenet Concept LLC's ("Debtor" or "Tenant") automatic stay pursuant to 11 USC § 362(d)(1) to allow Lines' and the putative class of which he is the class representative to proceed to liquidate their claims in the Federal Court action *Jeffrey Lines et al. v. Amazon.com Inc. et al.*, currently pending in the Austin Division of the Western District of Texas, No 1:17-cv-0072-LY (the "District Court Action").

### FACTUAL AND PROCEDURAL BACKGROUND

Lines filed the District Court Action on February 2, 2017, and filed a First Amended Complaint on April 14, 2017. Debtor, Amazon.com, Inc. ("Amazon") and John Does 1-5 were the named Defendants in both the Original and First Amended Complaint.  The District Court Action is based on Lines' employment as a delivery driver with Debtor and Amazon from October 6, 2015 until his unlawful termination on or around January 22, 2016.

In the District Court Action, Lines alleges that Debtor and Amazon, as joint employers, (i) failed

to pay him and other similarly situated drivers for all hours worked; (ii) failed to pay him and other similarly situated drivers the statutorily required overtime premium for all hours worked in excess of forty hour per workweek; (iii) required him and other similarly situated drivers to work "off the clock" before their scheduled start times, through their purported meal breaks, and at the conclusion of each work day; (iv) unlawfully retain his and other similarly situated drivers' tips; (v) failed to reimburse his and other similarly situated drivers' expenses; and (vi) unlawfully discharged Lines as retaliation for raising FLSA violations. Lines alleges that this conduct violates violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") and related causes of action.

The facts uncovered thus far in discovery in the District Court Action, as well as in the pleadings and at the 341 meeting in this Bankruptcy Action, suggest that Amazon effectively controlled every aspect of Lines' and similarly situated drivers' employment with Debtor and Amazon. Specifically:

    a. Debtor "provides delivery services exclusively for Amazon." Dkt. 4 at 2, par. 3;

    b. Debtor was formed on January 27, 2015 by its Founder and then-sole-Member Principle Distribution, LLC, apparently for the sole purpose of entering its first Work Order with Amazon on March 1, 2015. *See* Certificate of Formation, attached as Exhibit A; Sixteenth Amendment to Work Order, AMZ_JLines_00000031, attached as Exhibit B; Debtor Testimony at March 9, 2018 341 Meeting (hereinafter "341 Meeting.");

    c. Debtor was minimally capitalized at its founding. *See* 341 Meeting;

    d. Lines and other similarly situated drivers worked out of Amazon facilities, and although Debtor had management on-site at those facilities, Debtor's on-site management would "take orders" from Amazon employees. *See* 341 Meeting; Dkt. 4 at 2, par. 6;

    e. Lines and similarly situated drivers wore Amazon branding on their person and vehicles while performing their job duties, received work assignments through an Amazon

    application on their mobile device, and were subject to voluminous regulations and terms spelled out in Amazon's contract with Debtor. *See, e.g.* Delivery Provider Terms of Service, AMZ_JLines_00000019-30, attached as Exhibit C;

f. Amazon retained ownership of and the right to inspect all documents and data regarding its relationship with Debtor. *Id.* at AMZ_JLines_00000026-27; Work Order, AMZ_JLines_00000038-40 at AMZ_JLines_00000039-40, attached as Exhibit D.

g. Amazon required Debtor to "distribute each Tip … in accordance with the disbursement report derived from Amazon's systems and furnished to you by Amazon." AMZ_JLines_00000003, attached as Exhibit E.

h. Debtor's Driver's handbook sets forth numerous regulations under the heading "Amazon Regulations," including comprehensive instructions regarding attendance, dispatch, time off, personal appearance, and logging of hours. Driver's Handbook, Tenet-000024, Tenet-000026-28, attached as Exhibit F.

Accordingly, Lines seeks to hold Amazon liable in the District Court Action as a joint employer.

    According to Debtor, the District Court Action and two other class action lawsuits against Debtor are "the reason this [bankruptcy] case was filed." 341 Meeting; *See also* Dkt. 4 at 2, par. 5-6. Both Debtor and Amazon have relied on this Bankruptcy Action to frustrate discovery in the District Court Action. The Discovery Period in the District Court Action began in earnest with an Initial Pretrial Conference held by the Western District court on October 3, 2017, and the entry of a Scheduling Order that same day. WDTX Dkt. 29, attached as Exhibit G. On December 19, 2017, Plaintiff Lines served his First Sets of Interrogatories, Requests for Production, and Requests for Admissions on Debtor and Amazon. Excerpts of Plaintiff's First Discovery Requests, attached as Exhibit H. According to the Federal Rules of Civil Procedure, Defendants' responses to this discovery were thus due on January 18,

3

2018. These discovery requests were propounded at the class certification phase of the District Court Action, and accordingly dealt with matters relevant to class certification rather than the ultimate merits of the case.

On January 12, 2018, counsel representing Debtor and Amazon in the District Court Action requested an extension of the January 18th discovery deadline. After representations were made by counsel for both Defendants as to which documents would be timely produced, counsel for Lines agreed to extend the response deadline to January 25, 2018. *See* Correspondence, attached as Exhibit I.

On January 25th Debtor and Amazon served their responses and objections to the Discovery. As to numerous discovery requests, Debtor stood on its objections, while Amazon relied on the claim that various documents were in Debtor's possession rather than Amazon's. That same day, Debtor filed its Voluntary Petition in the Bankruptcy Action in this Court and a Suggestion of Bankruptcy in the Western District court.

On January 31, 2018, counsel for Lines held a discovery conference with counsel for Debtor and Amazon in the District Court Action. During that conference, and subsequent conferences, counsel for Defendants took the position that the automatic bankruptcy stay precluded any further discovery action against Debtor, including any effort to compel Amazon to obtain documents from Debtor.

Counsel for Defendants in the District Court Action have also taken the position that the bankruptcy stay applies to at least partially stay the case against Amazon, due to an indemnity agreement between Debtor and Amazon, and have argued that the case should be transferred to bankruptcy court. *See* District Court Action Dkt. 38, attached as Exhibit J. Lines does not dispute that the stay prevents him from enforcing any judgment against Tenet outside of this Bankruptcy Action. However, the stay need not necessarily prevent the litigation from proceeding in the District Court Action in order to liquidate Lines' claims against Debtor for purposes of this Bankruptcy Action.

4

Amazon, one of the world's largest corporations, effectively directed nearly every aspect of Lines' and the putative class's employment and was the primary beneficiary of both their labor and the scheme to undercompensate them as alleged in the District Court Action. To allow Amazon to avoid accountability in District Court for its labor practices simply because it contractually outsourced some aspects of human resources (without sacrificing ultimate control) and demanded indemnity from Tenet, an undercapitalized special purpose entity created only to service Amazon, would place form over substance and undermine the purposes of both the Bankruptcy Code and the FLSA. Accordingly, Jeffrey Lines respectfully files this Motion for Relief from the Automatic Stay to modify the stay so that his and the putative class's claims may be liquidated in the District Court Action against Amazon and Debtor.

## ARGUMENT

The equities weigh in favor of granting the limited relief requested by Lines because:

(1) The *Curtis* and *Johnson* factors weigh in favor of granting the limited relief described above; and
(2) Lines will be severely prejudiced if he is not permitted to prosecute his claims against Amazon.

Under the Bankruptcy Code, the automatic stay applies only to actions against the debtor. 11 U.S.C. § 362(a)(1-8). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to" co-defendants. *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985). Thus Section 362 is "rarely … a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc*. 278 F.3d 426, 436 (5th Cir. 2001).

Even where the stay applies, a bankruptcy court may terminate, annul, lift or condition the Automatic Stay "for cause." 11 U.S.C. § 362(d)(1). "Cause" within the context of Section 362(d)(1) is undefined, and "is a broad concept that is intentionally flexible so that courts may respond to different or

unique circumstances*.*" *In re Choice ATM Enterprises, Inc.,* No. 14-44982-DML, 2015 WL 1014617, at *3 (Bankr. N.D. Tex. Mar. 4, 2015); *Mooney v. Gill,* 310 B.R. 543, 546–47 (N.D.Tex.2002) (quoting *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr.W.D.Tex.1988)). Section 362(d) thus gives bankruptcy courts "flexibility to address specific exigencies on a case-by-case basis." *Choice ATM*, 2015 WL 1014617, at *3; (quoting *In re Chesnut*, 422 F.3d 298, 303-04 (5th Cir.2005)). "Congress itself provided some guidance as to what constitutes 'cause,' specifically mentioning 'a desire to permit an action to proceed to completion in another tribunal' and 'the lack of connection with or interference with the pending bankruptcy case.'" *Choice ATM*, 2015 WL 1014617, at *3; (quoting H.R. REP. No. 95–595, 343.44 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6300). There is thus no mandatory standard for finding "cause" in the Fifth Circuit, with the Circuit instead affording flexibility to bankruptcy courts to balance the factors and equities. *See In re Mirant Corp.*, 440 F.3d 238, 253 (5th Cir.2006).

In determining whether to grant requests to proceed with litigation outside of bankruptcy, courts utilize varying methodologies and rely on various factors, including those set out in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984) and *In re Johnson*, 115 B.R. 634, 636 (Bankr.D.Minn.1989). *Choice ATM*, 2015 WL 1014617, at *3 and notes 10 & 11. Bankruptcy courts in this Circuit apply these factors under a variety of approaches, with the court applying the factors that are "relevant to the case before it." *Choice ATM*, 2015 WL 1014617, at *3-4. This Court has previously suggested that the test ultimately turns upon a "balance[ing of] the hardships of the parties." *Mooney*, 310 B.R. at 546.

The stay may be modified to permit the continuance of a civil suit if no great prejudice to either the estate or the debtor results, and if the hardship to petitioner by continuance of the stay outweighs the hardship to the debtor by modification of the stay. *Matter of McGraw*, 18 B.R. 140, 141–142, (Bankr. W.D. Wis. 1982).

*1. The Relevant* **Curtis** *and Johnson Factors Favor Granting Relief from the Stay*

The relevant *Curtis* and *Johnson* factors favor allowing Lines to proceed in the Western District of Texas against Amazon and Debtor. Because the District Court Action involves Lines' claims against both Debtor Tenet and Amazon, proceeding in the Western District of Texas will allow complete resolution of the issues (*Curtis* factor 1). The District Court Action focuses on third party Amazon, and thus will not interfere with the Bankruptcy Action. (*Curtis* factors 2 and 6; *Johnson* factor 5). Because the limited relief from the stay sought by Lines will only allow liquidation of his and the putative class's claims, the District Court Action would also not prejudice the interests of the other creditors. (*Curtis* factor 7). The burden on Debtor and other creditors will be particularly minimal here because Debtor has already had a full 37 days in which to respond to the bulk of Lines' discovery requests, meaning that the search for and collection of responsive documents has presumably already been carried out before Debtor even filed its voluntary petition for bankruptcy.

Judicial economy (*Curtis* factor 10; *Johnson* factor 2) likewise favors granting Lines' requested relief. Lines' claims are fundamentally about and against Amazon, one of the world's largest corporations, that controlled every relevant aspect of Lines' employment. The District Court Action has proceeded to the point that Lines is prepared to file a motion for conditional class certification, creating a likelihood that the investment of resources advancing this complex litigation to this point would be wasted if trial of Lines' claims were deferred. (*Johnson* factor 3). Lines and the putative class have a strong likelihood of success on these claims, and the Western District of Texas has significant expertise in the FLSA class action subject matter of those claims. (*Johnson* factors 4 and 6). The claims are not principally about or against Debtor Tenet, a minimally capitalized special purpose entity established only to provide personnel to Amazon's operations in an apparent scheme to minimize Amazon's exposure to liability for underpaying its workforce.

This wage and hour lawsuit against Amazon is most efficiently and equitably administered in a United States District Court. Amazon is far from bankrupt. Amazon should not escape discovery or liability regarding its employment practices simply because it contrived to employ its Amazon Prime Now delivery drivers through an undercapitalized shell company that was apparently manufactured to create a legal buffer between Amazon and its employees.

## 2. *Lines will be severely prejudiced if he is not permitted to prosecute his claims against Amazon*

The final *Curtis* factor looks to the "balance of hurt" entailed in either granting or denying the requested relief. It is essentially this factor on which this Court relied in *Mooney* when it conducted a "balance [of] the hardships of the parties." 310 B.R. at 546. Here, the hardship and hurt imposed on Lines by allowing the bankruptcy stay to defeat his claims against the far-from bankrupt Amazon outweighs any hardship or hurt to Debtor or other creditors by allowing liquidation in the District Court Action.

The District Court Action has been pending for more than a year, and the bulk of the requested discovery was due even before the bankruptcy stay was entered. The District Court Action has progressed to the point that Lines is prepared to move for conditional certification of the class of Amazon Prime Now delivery drivers employed through Debtor in Texas, Illinois, and California. Lines' right to pursue this action against his employer Amazon in United States District Court was created by Congress in the Federal Labor Standards Act, and is consistent with Congress's stated "desire to permit an action to proceed to completion in another tribunal" notwithstanding a bankruptcy filing where the district court action lacks "connection with or interference with the pending bankruptcy case." H.R. REP. No. 95–595, 343.44 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6300.

The purpose of the automatic stay is not to insulate highly solvent third parties like Amazon from

liability for their employment practices, nor to interfere with reasonably necessary discovery in litigation involving such solvent third parties. Furthermore, it has been noted that "the automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of the debtor's assets." *Continental*, 61 B.R. at 779 (citing *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984)).

The totality of the circumstances here—the special purpose entity created solely to enter into contracts with Amazon; the timing of the bankruptcy filing on the extended due date of the discovery responses just before Lines could file his motion for conditional certification; the citation of the litigation as the primary reason behind the bankruptcy filing; and the attempt by Amazon to rely on the bankruptcy to avoid its discovery obligations in the Western District Action—suggest that the stay is being used by Amazon (and Debtor) primarily as a tactic to deny Lines the process to which he is entitled in district court and prejudice his pending litigation. "Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." *In re Todd Shipyards Corp.*, 92 B.R. 600, 603 (Bankr. D.N.J. 1988) (citing *In re Continental Air Lines, Inc*., 61 B.R. 758, 779, (S.D. Tex. 1986)).

Any prejudice to Debtor or other creditors from allowing Lines' and the class's claims to be liquidated in District Court, by contrast, would be minimal. The value of Lines' and the prospective class's claims against both Amazon and Debtor must be determined—the issue is merely whether making that determination in this Bankruptcy Action or in the year-old Western District Action that principally involves Amazon as well as debtor better serves judicial economy and fairness to the parties.

## CONCLUSION

Petitioner Lines respectfully requests that this Court lift or modify Debtor's automatic stay pursuant to 11 U.S.C. § 362 (d)(1) to allow the District Court Action to proceed through jury trial and

9

liquidation of the class claims against Debtor.

Dated: March 20, 2018
Austin, Texas

Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
 (516) 203-7180 (phone)
 (516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

Pursuant to a February 13, 2018 Order of Judge Lee Yeakel of the Western District of Texas, counsel for Jeffrey Lines and counsel for Tenet Concepts, LLC and Amazon.com, Inc. conferred on numerous occasions regarding the procedural posture of the District Court Action pending in the Austin Division of the Western District of Texas in light of this Bankruptcy Action. Throughout these conferences it was established that Defendants oppose any lifting of the bankruptcy stay, and on March 20, 2018, the same day as this Motion, Defendants filed a motion in the District Court Action to transfer the case to this Court. This Motion is thus opposed.

/s/ *Holt M. Lackey*
Holt M. Lackey

## **CERTIFICATE OF SERVICE**

I hereby certify that the preceding pleading was served on (1) the Office of the United States Trustee, via the CM/ECF system; (2) Counsel for any committees appointed under Section 1102 of the Bankruptcy Code, via the CM/ECF system; (3) Top twenty largest unsecured creditors of the Debtor (as listed in Debtor's Form 204): (a) Protective Insurance Company, 111 Congressional Blvd, Suite 500, Carmel IN 46032, (b) The Hartford, PO Box 660916, Dallas, TX 75266-0916, (c) Littler Mendelson P.C., PO Box 45547, San Francisco, CA 94145, (d) IPFS Corporation, PO Box 730223, Dallas, TX 75373-0223, (e) McDonald Sanders, LLC, 777 Main Street, Suite 1300, Fort Worth, TX 76102, (f) IPFS Corporation, 24722 Network Place, Chicago, IL 60673-1247, (g) Vanbridge LLC, PO Box 416103, Boston, MA 02241-6103, (h) BSX Insurance, 3355 W. Alabama, Houston, TX 77098; (4) Debtor at 8200 Cameron Road, Suite A198, Austin, TX 78754, Attn: Scott Cass; (5) Debtor's reorganization counsel, via the CM/ECF system, and via first-class mail, at: Bobby Forshey, Forsehy & Prostok, LLP, 777 Main Street, Suite 1290, Fort Worth, TX 76102; (6) IRS, via first-class mail, at: International

Revenue Service, Special Procedures-Insolvency, PO Box 7346, Philadelphia, PA 19101-7346.

/s/ *Holt M. Lackey*
Holt M. Lackey