**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | CASE NO. 18-40270-elm11 |
| | § | |
| TENET CONCEPTS, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | Chapter 11 Case |

**OBJECTION TO PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT
FILED BY JEFFREY LINES AND AMAZON PRIME NOW DELIVERY DRIVERS**

Jeffrey Lines ("Lines"), for himself and for similarly situated Amazon Prime Now Delivery Drivers including, but not limited to, Willie J. Mukes and Valarie Miller (collectively "Drivers") files this Objection to confirmation of the Plan of Reorganization (the "Plan," Dkt. 142) and final approval of the Disclosure Statement (the "Statement," Dkt. 143).

The Plan and Statement generally assume that Debtor is entirely liable for all Drivers' claims against Amazon.com, Inc. and/or its affiliate Amazon Logistics, Inc. (collectively "Amazon"). However, the indemnification clause at issue expressly "does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of" Amazon.[1] The Plan and Statement are thus objectionable and inequitable to Drivers and other creditors and stakeholders to the extent that they make Debtor liable to Amazon beyond Debtor's contractual obligations. The Plan and Statement further attempt to prejudice Drivers' rights to pursue claims against Amazon even if those claims are only based on Amazon's negligence or willful misconduct and thus beyond the scope of Debtor's indemnification. Finally the Plan and Statement fail to fully pay Drivers' claims and otherwise prejudice their rights. Accordingly, Drivers lodge the following objections to the Plan and Statement.

1. Drivers Object to Section 4.4 of the Plan

Section 4.4(a) of the Plan mistakenly claims that "Debtor has agreed to indemnify Amazon for the Claims asserted against Amazon in the Lines Lawsuit." In fact, the indemnification agreement "does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of" Amazon. As described in detail in Drivers' objection to Amazon's proof of claim (Dkt. 175), which Drivers incorporate fully herein, the "Claims asserted against Amazon in the Lines Lawsuit" include claims based on Amazon's own negligence and/or willful misconduct. Section 4.4.(a) of the Plan is thus objectionable to the extent that it goes beyond Debtor's indemnification obligations and purports to pay Amazon's claim even for elements of the Lines Lawsuit that are not covered by the indemnification clause.

2. Drivers Object to Section 4.6(a) of the Plan

Section 4.6 of the Plan deals with claims based upon the claims asserted in the Lines Lawsuit. Section 4.6(a) provides that "[n]o collective proof of claim shall be recognized as to any member of Class 6" and that "[e]ach Creditor asserting a class 6 Claim must file an appropriate proof of claim on or before the Bar Date." The Lines Lawsuit expressly seeks collective damages for any Driver that opts in according to the procedures set forth in the Fair Labor Standards Act. As explained in detail in Drivers' response to Debtor's Objection to Claim Number 11 (Dkt. 168), which Drivers incorporate fully herein, the notice of the bankruptcy and the opportunity to file a claim in bankruptcy is not an adequate substitute for a notice of a pending collective action under the FLSA and an opportunity to opt in. The Lines Lawsuit is now pending before this Court as Adversary Case 18-04171. Any collective claims can be adjudicated in that proceeding, and/or this Court can approve an adequate FLSA notice to Drivers who potentially have collective claims in the Lines Lawsuit. To disallow all collective claims through

---

[1] See Exhibit A, Terms of Service, Exhibit B to Addendum to Proof of Claim of Amazon Logistics, Inc. (the "Indemnity Agreement") at Section 9.

the Plan would be inequitable absent "timely, accurate, and informative" notice of the Drivers' FLSA claims. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

### 3. Drivers Object to Section 4.6(b) of the Plan

Drivers object to the seventy-nine (79) month installment payment term for Lines Lawsuit Claims provided in Section 4.6(b) of the Plan. This payment term is unreasonably long and inequitable in light of Section 4.4(a) making Amazon's claims payable in monthly installments "as may be agreed between the Debtor and Amazon."

### 4. Drivers Object to Section 4.6(c) of the Plan

Drivers object that Section 4.6(c) purports to stay the entire Lines Lawsuit and provide for its dismissal upon payment of any Allowed individual Claim held by Jeffrey Lines. Section 4.6(c) ignores both that the Lines Lawsuit names Amazon as a defendant in addition to Debtor and that the Lines Lawsuit includes collective claims as well as Mr. Lines' individual claims. The Lines Lawsuit as against Amazon for Amazon's own negligence and/or willful misconduct should not be dismissed as a result of Debtor's paying its claims in full. Likewise, Drivers other than Mr. Lines should not have their collective claims dismissed by virtue of any payment of Mr. Lines' individual claims.

### 5. Drivers Object to Section 12.5 of the Plan

Section 12.5 of the Plan provides a temporary injunction in favor of a non-debtor party, Amazon, as long as the Debtor is current on distributions on allowed claims against Debtor. As described in detail in Drivers' objection to Amazon's proof of claim (Dkt. 175), which Drivers incorporate fully herein, Drivers' claims against Amazon for Amazon's own negligence and/or willful misconduct are separable from Drivers' claims against Debtor and are not covered by Debtor's indemnification agreement with Amazon. There is thus no basis for enjoining Drivers from pursuing their claims against non-bankrupt

third-party Amazon as part of Debtor's Plan of Reorganization.[2]

      6.   <u>Drivers Object to the Statement's Characterizations and Estimates of their Claims.</u>

Drivers object to the Statement's estimate of the Lines Lawsuit Claims as belonging only to one driver (Jeffrey Lines) and being valued in the range of $0-$800. The amounts of the Lines Lawsuit Claims against Debtor will ultimately be decided by the Court through the claims process and/or through the related adversary proceeding. As described in Lines' and Drivers' responses to Debtor's objections to their proofs of claims (Dkts. 167 & 168), which Drivers incorporate fully herein, the Class 6 Lines Lawsuit Claims include both individual and collective claims in amounts well in excess of $800.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Drivers respectfully request that the Court sustain the foregoing objections to the Plan and Statement and that the Court not approve any Plan of Reorganization that (i) rejects Drivers' claims without adequate adversary process and discovery, (ii) imposes liability on Debtor beyond the scope of its indemnification obligations to Amazon; or (iii) prejudices Drivers' right to seek redress directly from non-bankrupt third-party Amazon for indemnified claims based upon Amazon's own negligence and/or willful misconduct.

Dated: December 14, 2018
Austin, Texas

Respectfully submitted,

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.

---

[2] To the Extent that the "Plan Injunction" contemplated by Section 12.3 of the Plan purports in any way to cover Drivers' claims against Amazon for Amazon's own negligence and/or willful misconduct, Drivers likewise object to Section 12.3 on the same grounds as this objection to Section 12.5.

Suite 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
 (516) 203-7180 (phone)
 (516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via ECF upon any parties who have filed a notice of appearance on December 14, 2018. Additionally, a copy was served on the following individuals via electronic mail:

J. Robert Forshey
Laurie Dahl Rea
Forshey & Prostok, L.L.P.
777 Main Street, Suite 1290
Fort Worth, TX 76102
Email: bforshey@forsheyprostok.com
Email: lrea@forsheyprostok.com

United States Trustee
Attn: Erin Schmidt, Trial Attorney
1100 Commerce Street, Room 976
Dallas, TX 75242
Email: erin.schmidt2@usdoj.gov


*/s/ Jay D. Ellwanger*
Jay D. Ellwanger