**Darren G. Gibson**
State Bar No. 24068846
**Salvador Davila**
State Bar No. 24065119
**LITTLER MENDELSON, PC**
100 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 982-7250 (Telephone)
(512) 982-7248 (Facsimile)
dgibson@littler.com
sdavila@littler.com
**ATTORNEYS FOR AMAZON LOGISTICS, INC.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **TENET CONCEPTS, LLC,** | § | **Bankruptcy Case No. 18-40270-elm11** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |

### AMAZON LOGISTICS, INC.'S RESPONSE TO
### JEFFREY LINES' OBJECTION TO CLAIM NO. 8

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Amazon Logistics, Inc. ("Amazon") files this *Amazon Logistics, Inc.'s Response to Jeffrey Lines'* ("Lines") *Objection to Claim No. 8* ("Objection"), and submits the following in support:

1.     By his Objection, Lines seeks to challenge the applicability of the indemnification obligation ("Indemnification Obligation") in Section 9 of the Delivery Provider Terms of Service ("Terms of Service") between Tenet Concepts, LLC ("Tenet" or "Debtor") and Amazon, attached as Exhibit B to Amazon's Proof of Claim. In particular, Lines argues that the allegations in his underlying FLSA action (the "Lines Case")[1] are "principally against Amazon and based on

---

[1] *Jeffrey Lines v. Amazon.com, Inc., et al.*, Adversary No.: 18-04171-rfn ("Lines Case").

Amazon's negligence and/or willful misconduct," which purportedly bring his claims against Amazon outside the Indemnification Obligation.[2]

2.    Lines' argument fails for numerous reasons. First, Lines has asserted FLSA claims against both Tenet and Amazon based on a theory of joint employment and based on alleged misconduct by "Defendants," including both Tenet and Amazon. The unambiguous language of the Indemnification Obligation requires Tenet to both defend and indemnify Amazon from Lines' claims.

3.    Second, Lines' argument conflates Tenet's independent duty to defend and the separate duty to indemnify Amazon with the limited exception to the duty to indemnify. Lines' *allegations* may bring a claim within the Indemnification Obligation in the first instance, giving rise to Tenet's duty to defend and duty to indemnify. The Indemnification Obligation also contains a limited exception to Tenet's duty to indemnify, which only applies if a "claim subject to indemnification *results* from the negligence of willful misconduct" of Amazon. Accordingly, the indemnification exception only applies if there is an adjudication that the claim resulted from the actual negligence or willful misconduct of Amazon, not simply based on allegations.

4.    Third, Lines' Objection does not provide any basis for denying Amazon's Proof of Claim. The allegations in Lines' First Amended Complaint, combined with his own testimony and statements in his Objection, make it clear that the Indemnification Obligation applies to the Lines Case. Lines has offered no evidence of any actual liability on the part of Tenet or Amazon under the FLSA, much less evidence to support an adjudication that any such liability resulted from Amazon's negligence or willful misconduct.

5.    Accordingly, Lines' Objection to Amazon's Proof of Claim should be denied.

---

[2] Case 18-40270-elm Dkt. 175 at 2.

**Amazon Logistics, Inc.'s Response to Lines' Objection to Claim No. 8**                    2

## I. Lines' Allegations and Claims Invoke Tenet's Duty to Defend and Duty to Indemnify Amazon.

6. Lines argues that his claims against Amazon are beyond the scope of the Indemnification Obligation because his claims are purportedly based "on Amazon's own negligence and/or willful misconduct."[3] This argument misstates the broad scope of the Indemnification Obligation, the limited exception to Tenet's duty to indemnify, and Lines' own allegations and claims.

7. Under the Terms of Service, Tenet has an obligation to defend and indemnify Amazon from any third-party allegation or claim that "arises out of or in connection with" any allegation of misconduct by Tenet, a breach of the Terms of Service by Tenet, any action or inaction by Tenet, or any allegation that Tenet failed to comply with applicable law. The Indemnification Obligation states:

> [Tenet] will defend, indemnify and hold harmless Amazon … from any third-party allegation or claim based on, or any loss, damage, settlement, cost, expense and any other liability (including but not limited to reasonable attorneys' fees and expenses) arising out of or in connection with, (i) any allegation or claim of negligence, strict liability or misconduct of [Tenet] or [Tenet's] Personnel, (ii) a breach of these Terms, the Program Policies, or any Work Order by [Tenet] or [Tenet's] Personnel, (iii) any action or inaction by [Tenet] or any of [Tenet's] Personnel (including, without limitation, any and all loss or damage to personal property or bodily harm (including death)), or (iv) any allegation or claim that [Tenet] or any of [Tenet's] Personnel failed to comply with applicable Law. However, the foregoing indemnification obligation does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of the Indemnified Parties.[4]

---

[3] Case 18-40270-elm Dkt. 175 at 2.
[4] Case 18-40270-elm Claim 8-1 Part 2 p. 26 (Terms of Service § 9(a)).

Accordingly, if the allegations and claims by Lines are within the broad scope of the Indemnification Obligation, Tenet has a duty to defend Amazon in the Lines Case, as well as a separate duty to indemnify Amazon in the event of any imposition of any liability against Amazon.

8.      In his First Amended Complaint, Lines alleges that both Tenet and Amazon jointly employed Lines,[5] and he refers to Tenet and Amazon jointly as "Defendants" throughout the complaint. In particular, Lines alleges that (i) "Defendants" failed to pay drivers for all hours worked;[6] (ii) "Defendants" unlawfully retained tips;[7] (iii) "Defendants" failed to reimburse drivers' expenses;[8] and (iv) that "Defendants" retaliated against Lines.[9] In addition, he seeks to represent drivers who were employed by "Defendants" and subject to "Defendants' policies and/or practices."[10]

9.      Based on these allegations, Lines brings FLSA and Texas state law claims against "Defendants," without any distinction between Tenet and Amazon as to the claims he is asserting or the factual bases of those claims.[11] In particular, Lines alleges that "Defendants' conduct was willful" and that "Defendants' conduct was in violation of the FLSA" and Texas Labor Code.[12] Finally, his prayer for relief likewise makes no distinction between Tenet or Amazon, and he simply seeks relief from the "Defendants."[13]

10.     In short, Lines allegations and claims arise out of, and are in connection with, alleged misconduct by Tenet and alleged violations of law by Tenet. The fact that Lines also makes

---

[5] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶ 31.
[6] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 41-79.
[7] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 80-96.
[8] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 97-114.
[9] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 115-127.
[10] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 128, 139, 150, 162.
[11] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 174-203.
[12] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 177, 178, 184, 185, 191, 192, 197, 198, 203.
[13] Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 204-218.

similar allegations against Amazon does not negate Tenet's obligation to defend and indemnify Amazon under the Terms of Service. Indeed, Amazon and Tenet agree that the Indemnification Obligation requires Tenet to defend Amazon and to indemnify Amazon from any liability that may arise in the Lines Case.

11.     Moreover, Lines' claims against Tenet, as well as the "joint employer" theory under which he seeks to hold Amazon liable for wages allegedly owed to him by Tenet, make it highly unlikely, if not impossible, for Lines to prove that his claims "result from" any conduct by Amazon. The U.S. Supreme Court has held that the "ordinary meaning" of the phrase "results from" imposes "a requirement of actual causality. 'In the usual course,' this requires proof 'that the harm would not have occurred' in the absence of—that is, but for—the defendant's conduct.'" *Burrage v. United States*, 571 U.S. 204, 211 (2014) (interpreting Controlled Substances Act) (quoting *University of Tex. Southwestern Medical Center v. Nassar,* 570 U.S. 338, 346-47 (2013) (interpreting Title VII, holding phrase "because of" required plaintiff to prove defendant's conduct was the "but-for" cause of retaliation claim). Even if Lines could muster evidence to prove his claims, the "but for" cause would be that his employer, Tenet, did not pay the alleged wages. This is *precisely* the type of claim expected to be subsumed within the Indemnification Obligation and *not* to be removed from coverage by the limited exception. Therefore, the context of the contract supports interpreting the phrase "results from" according to is ordinary meaning. *Burrage*, 571 U.S. at 212 ("Where there is no textual or contextual indication to the contrary, courts regularly read phrases like 'results from' to require but-for causality.").

## II.     Limited Exception to Duty to Indemnify Applies Only Upon A Final Determination of Negligence or Willful Misconduct by Amazon.

12.     Lines' Objection relies on the limited exception to the duty to indemnify set forth in the Terms of Service, which states that Tenet's "indemnification obligation does not apply to

the extent that any claim subject to indemnification results from the negligence or willful misconduct of" Amazon. However, Lines' argument misconstrues Tenet's independent duty to defend, Tenet's duty to indemnify, and the limited exception that applies only upon an adjudication of Amazon's responsibility for any liability.

13.     The most common scenario where the duty to defend and duty to indemnify are discussed is in the context of an insurance policy. "The duty to defend exists if the policy conceivably covers the claim allegations, while the duty to indemnify exists only if the policy actually covers the claim." *United Srvs. Auto. Ass'n v. Speed*, 317 P.3d 532, 538 (Wash. App. 2014).[14] Unlike the duty to defend, which is invoked when a plaintiff "alleges and seeks damages for an event potentially covered by the policy," the duty to indemnify covers actual liability on the merits and means the insured will "pay all covered claims and judgments against an insured." *D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (quoting 14 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 200:3 (3d ed. 2009)). "While the duty to indemnify may depend on resolution of factual issues, there generally are no questions of fact for the duty to defend." *United Srvs.*, 317 P.3d at 538.

14.     The Terms of Service expressly adopt this distinction by recognizing Tenet's separate and independent duty to defend from its duty to indemnify. First, the Terms of Service state that Tenet's "duty to defend is independent of [Tenet's] duty to indemnify."[15] Moreover, Section 9(a) makes it clear that Tenet's duty to defend is based the nature of the allegations and claims asserted by the third-party. Because Lines' allegations and claims invoke the Indemnification Obligation, Tenet is required to defend Amazon in the Lines Case.

---

[14] The Terms of Service include a choice of law provision adopting Washington law. *See* Case 18-40270-elm Claim 8-1 Part 2 p. 26 (Terms of Service § 11(f)).

[15] Case 18-40270-elm Dkt. 8-1 Part 2 p. 26 (Terms of Service § 9(b)).

15. On the other hand, the indemnification exception states that Tenet's "indemnification obligation does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of" Amazon.[16] Thus, for the exception to apply here, there would need to be an adjudication on the merits not only of liability against Amazon, but also an adjudication that such liability resulted from the negligence or willful misconduct of Amazon. Given that the purpose of Tenet's duty to indemnify is to protect Amazon from *ultimate liability* for Tenet's actions, it makes perfect sense that the exception to the indemnification obligation requires an adjudication of the parties' respective responsibility for any such liability.

16. In short, the duty to defend by its nature must be independent, and the indemnification exception by its nature requires adjudication on the merits, as it is impossible to know if the indemnification exception will apply until the respective liability of both Tenet and Amazon, if any, has been adjudicated and a determination has been made whether Amazon's liability resulted from its own negligence or willful misconduct.

## III. Lines' Objection Does Not Provide A Basis For Denying Amazon's Proof of Claim.

17. In his Objection, Lines argues that because he *alleges* that Amazon is a joint employer and jointly liable under the FLSA, his claims somehow fall outside the Indemnification Obligation. In making this argument, Lines relies *not* on the allegations in his complaint (which generally fail to distinguish between the two Defendants), but on his self-serving testimony at the May 8 hearing, the provisions in the Terms of Service, and Tenet Driver's Handbook.[17] Yet, the joint liability alleged by Lines is precisely the type of claim that falls within the protection afforded by the Indemnification Obligation. Lines further asserts that the allegations in his lawsuit are

---

[16] Case 18-40270-elm Dkt. 8-1 Part 2 p. 26 (Terms of Service § 9(a)).
[17] Case 18-40270-elm Dkt. 175 at 4-6.

"every bit as much against Amazon" [18] as Tenet, which is not surprising, since the First Amended Complaint offers little to distinguish between the two Defendants.

18.     Notably, Lines does not allege that Amazon determined the amount Lines was actually paid for his work, which of course is the fundamental question in his lawsuit. Rather, Lines admits that the Terms of Service state that Tenet is "exclusively responsible for [Tenet's] Personnel and exclusive control over [Tenet's] policies relating to wages, fees and other compensation, hours, and working conditions."[19] Instead of arguing that Amazon was responsible for how much he was actually paid, Lines argues that the economic terms of Tenet's agreement with Amazon was so disadvantageous to Tenet that Tenet "was unable to pay Drivers the full amounts owed to them under the FLSA."[20]

19.     As an initial matter, these claims are unfounded. As an example of the purported terms that rendered Tenet unable to pay drivers amounts owed under the FSLA, Lines cites the reimbursement rate for the 10.5 Planned Route set forth in the Work Order.[21] The reimbursement rate agreed to by Tenet and Amazon was $294.00, which is sufficient to cover 8 hours of straight time pay at $7.25/hour, *plus* more than 21 hours of overtime pay at time-and-a-half. Assuming the driver was entitled to overtime after 8 hours of the 10.5 hour route, approximately $85.19 would cover the driver's minimum wage and overtime for 10.5 hours, with $208.81 remaining for Tenet.

---

[18] Case 18-40270-elm Dkt. 175 at 4.

[19] Case 18-40270-elm Dkt. 175 at 7, 15 (Work Order Schedule D).

[20] Case 18-40270-elm Dkt. 175 at 7, 17. Even with respect to tips, Lines misrepresents the allegations in his lawsuit. In his Objection, Lines argues that Amazon controlled the information and reporting regarding the amounts of tips paid by Amazon customers to drivers, and that "[t]o the extent Lines was underpaid in tips, as he alleges, these damages thus necessarily result from Amazon's negligence and willful misconduct." Case 18-40270-elm Dkt. 175 at 8. Yet, his own complaint does not make any such specific allegations. Rather, in his complaint, Lines alleges that "Defendants" failed to provide accurate records regarding tips and that "Defendants" improperly retained tips designated for Drivers. Civ. A. 1:17-cv-00072-LY Dkt. 11, FAC ¶¶ 80-96.

[21] Case 18-40270-elm Claim 8-1 Part 2 p. 26 (Terms of Service § 9(b)).

There is simply no basis for Lines' assertion that the terms of the Work Order rendered Tenet unable to pay drivers all amounts owed under the FLSA.

20.     Moreover, an attack on the economic terms governing the relationship between Tenet and Amazon does not give rise to a claim by Lines against Amazon under the FLSA. "If the harm to the creditor comes about only because of harm to the debtor, then its injury is derivative, and the claim is property of the estate. In that situation, only the bankruptcy trustee has standing to pursue the claim for the estate so that all creditors will share in any recovery." *Meredian Capital CIS Fund v. Burton (In re Buccaneer Res., L.L.C.)*, 912 F.3d 291, 293 (5th Cir. 2019) (citing *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575 (5th Cir. 2008), and 11 U.S.C. § 541(a)(1)). Here, even if there was economic harm to Tenet based in the terms of the Work Order (which there was not) that somehow caused harm to Lines (as he alleges), any claim against Amazon would be a derivative claim and property of the Tenet estate. As a result, Lines has no standing to challenge the economic terms of the Tenet-Amazon relationship as a basis for his purported claim against Amazon.

21.     Faced with the effect of Tenet's bankruptcy and the Indemnity Obligation on the continuing viability of his claims, Lines is now seeking to recast his lawsuit as "principally" against Amazon. However, a plain reading of the First Amended Complaint makes clear that Lines claims are against both Tenet and Amazon, as alleged joint employers. Not surprisingly, Lines has not waived any claim against Tenet or stated that he is no longer seeking relief from Tenet. And even if Lines dropped Tenet as a Defendant, Tenet would still be obligated to defend Amazon and to indemnify Amazon from any liability in the Lines Case absent an adjudication that any liability imposed on Amazon was the result of Amazon's own negligence or willful misconduct.

**IV.    Conclusion**

22.    Under the Terms of Service between Tenet and Amazon, Tenet has an independent duty to defend Amazon in the Lines Case based on the nature of the allegations and claims against both Tenet and Amazon, as well as a duty to indemnify Amazon from any liability. Tenet would only be relieved of its obligation to indemnify Amazon from liability if it is ultimately adjudicated that Amazon's liability resulted from its own negligence or willful misconduct. There has been no such adjudication here. Lines cannot rely on an inapplicable exception to defeat Amazon's Proof of Claim.

23.    Accordingly, Amazon maintains that it has properly presented a valid Proof of Claim with respect to any and all obligations that may arise pursuant to the Lines Case.

Dated: February 18, 2019                    Respectfully submitted,


                                            */s/ Darren G. Gibson*
                                            **Darren G. Gibson**
                                            State Bar No. 24068846
                                            **Salvador Davila**
                                            State Bar No. 24065119

                                            **LITTLER MENDELSON, PC**
                                            100 Congress Avenue, Suite 1400
                                            Austin, Texas  78701
                                            (512) 982-7250 (Telephone)
                                            (512) 982-7248 (Facsimile)
                                            dgibson@littler.com
                                            sdavila@littler.com
                                            **ATTORNEYS FOR**
                                            **AMAZON LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 18th day of February, 2019, to the following counsel:

Jay D. Ellwanger
Holt Major Lackey
Ellwanger Law
8310-1 N. Capital of Texas Hwy., Suite 190
Austin, Texas 78731
jellwanger@equalrights.law
hlackey@equalrights.law

ATTORNEYS FOR JEFFREY LINES

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
rvalli@vkvlawyers.com
skane@vkvlawyers.com
jvagnini@vkvlawyers.com

ATTORNEYS FOR JEFFREY LINES

J. Robert Forshey
Laurie Dahl Rea
Forshey & Prostok LLP
777 Main Street, Suite1290
Ft. Worth, Texas  76102
bforshey@forsheyprostok.com
lrea@forsheyprostok.com

Russell Alan Devenport
McDonald Sanders, PC
777 Main Street, Suite 1300
Fort Worth, TX 76102
rad@mcdonaldlaw.com

ATTORNEYS FOR DEBTOR AND
DEBTOR IN POSSESSION

United States Trustee
Erin Schmidt, Trial Attorney
1100 Commerce Street, Room 976
Dallas, TX 75242
Eric.Schmidt2@usdoj.gov

UNITED STATES TRUSTEE

*/s/ Darren G. Gibson*
Darren G. Gibson