**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | § | |
|---|---|---|
| In re: | § | CASE NO. 18-40270-elm11 |
| | § | |
| TENET CONCEPTS, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | Chapter 11 Case |

**SUPPLEMENTAL POST-HEARING MEMORANDUM**

Claimants Jeffrey Lines, Willie Mukes, and others similarly situated ("Driver Claimants") file this Supplemental Post-Hearing Memorandum regarding questions of law raised by the Court at the March 1, 2019 claim objection hearing (the "Hearing") in the above captioned case. At the Hearing the Court requested that the parties research and advise the Court regarding two questions of law, paraphrased as follows:

(i) Whether refusing to schedule an hourly employee who is not on a guaranteed fixed schedule for further shifts can be an act of retaliation sufficient to state a cause of action under the FLSA?; and

(ii) Whether an employer may be liable for retaliation under the FLSA if there is a mixed motive for an adverse employment action, in which the action is based both on a protected activity and the employer's belief that the employee was otherwise a troublemaker or problematic.

As requested, this Memorandum summarizes Driver Claimants' research regarding these two questions.

**I. Refusing to Schedule an Hourly Employee Can Be an Act of Retaliation Under the FLSA**

The Supreme Court has held in the context of Title VII's anti-retaliation provision that an employment action is "materially adverse" and thus potentially actionable if it could "dissuade a reasonable worker from making or supporting" a complaint of unlawful practices. *Burlington N. & Santa Fe Ry. Co. v. White*, 584 U.S. 53, 69, 126 S. Ct. 2405, 2415-16 (2006) (hereafter *BNSF*); *see also Hernandez v. City of Corpus Christi*, 82 F.Supp. 2d 781, 806 (S.D. Tex. 2011). Because the purpose of

the retaliation provisions of the FLSA and Title VII are "one and the same" courts look to Title VII cases like *BNSF* in interpreting FLSA anti-retaliation claims. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 342 (4th Cir. 2008) ("[W]e find no significant differences in either the language or intent of the two statutes regarding the type of adverse action their retaliation provisions prohibit"); see also *Cole v. City of Port Arthur, Texas*, 2014 WL 3513366, at *9 (E.D. Tex. 2014) ("A plaintiff asserting a [FLSA] retaliation claim must show that the employer took a 'materially adverse' action that 'could well dissuade a reasonable worker' from engaging in protected activity."). The Supreme Court has held that whether an employer's actions are retaliatory is a factual analysis that depends on the particular circumstances of the case, such that even "[a] schedule change in an employee's work schedule" may constitute retaliation if it would be materially adverse to a reasonable employee in the circumstances. *BNSF*, 548 U.S. 53, 59, 126 S.Ct. 2405, 2415-2416 (2006) (citing *Washington v. Illinois Dept. of Revenue*, 420 F.3d 658 (7th Cir. 2005) (finding that removal of employee's flex-time schedule could constitute retaliation). District Courts in the Fifth Circuit have accordingly held that the act of taking an employee off the schedule could dissuade an employee from making a complaint and is thus sufficient to support a jury finding of an adverse employment action. *Alvarez v. Amb-Trans. Inc.*, 2012 WL 4103876 at *4 (W.D. Tex. 2012). Accordingly, when Debtor and Amazon removed Mr. Lines from the schedule in retaliation for his complaining about their pay practices, this was a materially adverse employment action sufficient to support Mr. Lines' FLSA retaliation claims.

## II. An Adverse Employment Action May Still be Retaliatory Even if the Employer Proffers a Purported Legitimate Reason for the Action

Even if the employer has presented evidence regarding an allegedly legitimate reasons for taking certain actions against an employee, the actions may still be deemed retaliatory. A plaintiff does not need to prove that his protected activity was the sole factor in motivating the employer's challenged decision *See Long v. Eastfield College*, 88 F.3d 300 at fn. 5 (5th Cir. 1996). Rather, a plaintiff meets his

burden when the evidence demonstrates that the employer's decision to take the adverse action was based in part on knowledge of the employee's protected activity. *See Beaumont v. Texas Dep't of Criminal Justice*, 468 F. Supp. 2d 907, 924 (E.D. Tex. 2006) ("[A] causal link is established when the evidence demonstrates that the employer's decision to take adverse action was based in part on knowledge of the employee's protected activity."); *see also Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). The Fifth Circuit has held that even where the defendant had offered a "plausible nonretaliatory explanation" for the adverse action, plaintiff's claim survives if there is sufficient evidence for a "reasonable factfinder to conclude that [the purported explanation] was false." *Gee v. Principi*, 289 F.3d 342, 348 (5th Cir. 2002). Resolving whether the adverse action was motivated by unlawful retaliation or some "plausible nonretaliatory explanation" is "properly within the province of the trier of fact." *Id.*; *Marroquin v. City of Pasadena*, 524 F. Supp. 857, 865 (S.D. Tex. 2007) (denying summary judgment despite defendant's proffered legitimate motivation where evidence of retaliation sufficient to create a fact issue even if "far from overwhelming").

Dated: March 8, 2019                                         Respectfully submitted,

Austin, Texas

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

**ATTORNEYS FOR JEFFREY LINES, WILLIE MUKES, AND THOSE SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I hereby certify that the preceding pleading was served on March 8, 2019 on all counsel of record who have entered an appearance via the CM/ECF system and additionally by e-mail upon the parties listed below:

United States Trustee
Erin Schmidt, Trial Attorney
1100 Commerce Street, Room 976
Dallas, Texas  75242
Erin.Schmidt2@usdoj.gov

J. Robert Forshey
Laurie Dahl Rea
Forshey & Prostok LLP
777 Main St., Suite 1290
Fort Worth, TX  76102
bforshey@forsheyprostok.com
lrea@forsheyprostok.com

Darren G. Gibson
Salvador Davila
Littler Mendleson P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701
DGibson@littler.com
SDavila@littler.com

/s/ *Holt M. Lackey*
Holt M. Lackey